**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORIN KRISTICH,

    Defendant - Appellant.

No. 21-2126
(D.C. No. 1:18-CR-02635-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EID** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Orin Kristich's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Kristich pleaded guilty to coercion and enticement, in violation of 18 U.S.C. § 2422(a). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated that a sentence between five to twelve years' imprisonment would be appropriate. As part of the plea agreement, Kristich waived his right to appeal his conviction and any

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence within the stipulated range.  Both by signing the written plea agreement and in his responses to the court's questions at the change of plea hearing, Kristich acknowledged that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and appeal waiver. The court accepted the plea, including the parties' sentencing agreement, and sentenced Kristich to 120 months in prison.  Despite receiving a sentence within the stipulated range, he filed a notice of appeal.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Kristich, through counsel, acknowledged that his appeal waiver is enforceable under the standards set out in *Hahn*.  Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

Entered for the Court
Per Curiam